85 F.3d 632
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David L. McCLAIN, Defendant-Appellant.
 No. 95-2686.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 27, 1996.
Decided April 29, 1996.
 
 Before CUMMINGS, BAUER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Appellant David McClain pled guilty to one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g), and was sentenced to 46 months' imprisonment. McClain's counsel has moved to withdraw and filed an Anders brief.[1] We grant the motion to withdraw and dismiss the appeal.
 
 FACTS
 
 2
 On October 6, 1994, police officers and ATF agents were engaging in a "Trojan horse"-type undercover operation in Springfield, Illinois. The operation involved one undercover officer driving a Ryder rental truck, which had a box-type cargo area containing backup police officers and ATF agents. The backup officers could reach the passenger compartment through a special door. The driver, Officer Bolinger, was to locate a drug dealer, invite the dealer into the truck and engage in a narcotics "buy." Once the "buy" was in progress, Bolinger was to then give an arrest signal, at which time the other law enforcement personnel would open the special door and arrest the dealer.
 
 
 3
 During the patrol, Bolinger noticed McClain standing on a corner, waving to cars in an attempt to get their attention. Bolinger drove over to McClain, who approached the vehicle and asked Bolinger what he was looking for. Bolinger replied "a 50 piece" (which is street language for a $50 rock of crack cocaine). McClain said he had the drugs on him and showed Bolinger what was purported to be a rock of crack cocaine through the window. Bolinger unlocked the truck door and McClain entered the vehicle. McClain gave Bolinger the rock; Bolinger gave the arrest signal after he handed McClain the $50. The other officers dragged McClain into the back of the truck and placed him under arrest. During the initial search of McClain's person, the officers found a .22 caliber revolver and .45 caliber derringer, both loaded. The search also revealed a small bag of marijuana. During the course of the arrest, McClain extemporaneously stated, "This is good, you guys really got me good on this one," and opined he "probably would never sell dope to anyone driving a rental truck again." (Record # 23 at 33). The entire "transaction" between Bolinger and McClain was videotaped via a camera mounted in the truck. Subsequent laboratory analysis indicted that the purported rock of "crack" contained no cocaine. The sale of "look-alike" narcotics was apparently common in the particular area. (Record # 23 at 10, 14).
 
 
 4
 McClain was charged with being a felon in possession of a firearm, 18 U.S.C. § 922(g). He moved to suppress the firearms and his statements on the grounds that he was arrested without probable cause. (See Record # 23, Suppression Hearing Transcript). At the hearing, the officers testified to the above-referenced events, and the videotape was also submitted. McClain presented an affidavit which stated that he was simply out walking when Bolinger invited him into the truck. McClain's affidavit indicated that he merely got into the vehicle to find out what Bolinger wanted, and that he was arrested for no reason. Judge Mills credited the officers' account and denied the motion. (Record # 23 at 42-44; Record # 12).
 
 
 5
 McClain pled guilty to the charge on March 31, 1995, pursuant to a written plea agreement. (See Record # 10; Plea Transcript of March 31, 1995). The plea agreement provided that McClain reserved the right to appeal the denial of his motion to suppress. (Record # 10 at p 1). McClain was sentenced on July 5, 1995. (See Sentencing Transcript of July 5, 1995). McClain's criminal history category was calculated to be V and his offense level determined to be 15. The criminal history score included a two point increase because McClain committed the instant offense while on parole, U.S.S.G. § 4A1.1(d), and a one point increase because he committed the instant offense less than two years after being released from imprisonment, U.S.S.G. § 4A1.1(e). The offense level included a base score of 14 points, pursuant to U.S.S.G. § 2K2.1(a)(6), a four point enhancement because the weapons were possessed in connection with another felony offense, U.S.S.G. § 2K2.1(b)(5), and a three point reduction for acceptance of responsibility and a timely notification of intent to plea, U.S.S.G. § 3E1.1. The guideline range was 37-46 months, and Judge Mills sentenced McClain to 46 months.
 
 ANALYSIS
 
 6
 Counsel has only raised the issue of whether the motion to suppress was properly denied. However, the court makes an independent examination of the record. If we concur with counsel's conclusion that there are no viable issues to appeal, we will grant the motion to withdraw and dismiss the appeal. See United States v. Kellum, 42 F.3d 1087, 1096 (7th Cir.1994).[2]
 
 
 7
 As an initial matter, we note that the motion to suppress was properly denied. This court applies the clearly erroneous standard to a district court's conclusion that the police had probable cause for an arrest and search. See United States v. Odum, 72 F.3d 1279, 1284 (7th Cir.1995). A police officer has probable cause to make an arrest when the facts and circumstances within his knowledge and of which he has reasonably trustworthy information suffice to warrant a prudent person in believing that the defendant had committed or was committing a crime. United States v. Jones, 72 F.3d 1324, 1331 (7th Cir.1995). The evaluation of probable cause is made at the time of the arrest; evidence that is discovered after the arrest is not relevant to the probable cause analysis. Maltby v. Winston, 36 F.3d 548, 557 (7th Cir.1994), cert. denied, 115 S.Ct. 2576 (1995). There can be no doubt that an undercover police officer has probable cause to make an arrest when a purported drug dealer attempts to sell him a purported rock of crack cocaine. Further, the district court did not clearly error in crediting the officers' testimony and the videotape over McClain's somewhat farfetched story.
 
 
 8
 The guilty plea proceeding itself was proper and indicated McClain's plea was both knowing and voluntary. Judge Mills engaged in a lengthy colloquy with McClain, and the colloquy satisfied all the requirements of Fed.R.Crim.P. 11. As to the factual basis (per Fed.R.Crim.P. 11(f)), however, there was one point of contention. The government's description of the offense included all the facts presented earlier (see Plea Transcript at 20-22), and McClain conceded that the government could present the evidence they indicated. He denied, however, that he had tried to sell the undercover officer narcotics. (Id. at 24). This dispute goes to the issue of probable cause; an issue which had already been decided against him. More significantly, McClain conceded the relevant elements of his crime, in particular that he was a felon, possessed two firearms, and that the firearms traveled in interstate commerce. (Id. at 24-26).[3]
 
 
 9
 Lastly, McClain appears to have been properly sentenced. McClain raised two objections to the Presentence Report. First, that he should not have been assigned one criminal history point for criminal trespass (Presentence Report, paragraph 29), as he did not receive the required one year term of probation which would make the offense "countable." Pursuant to a guilty plea, McClain received one year of "supervision" for the offense, which he maintains is not equivalent to "probation." McClain is correct that "trespassing" is an offense that is "countable" for criminal history purposes only if the sentence was at least one year of probation or at least thirty days' imprisonment. See U.S.S.G. § 4A1.2(c)(1). The district court concluded that the sentence of supervision "counted" as probation, relying upon United States v. Moore, 25 F.3d 563 (7th Cir.1994), cert. denied, 115 S.Ct. 341 (1995). The district court's conclusion that supervision equals probation for the purposes of U.S.S.G. § 4A1.2(c)(1) may be open to some dispute. See United States v. Lloyd, 43 F.3d 1183, 1188 n. 8 (8th Cir.1994) (discussing Illinois sentencing provisions). However, this is of no consequence, because even if McClain prevailed on this claim, his sentence would not change. McClain received one criminal history point for the offense in paragraph 29, and if this point was subtracted, his criminal history score would be ten, still within category V. See U.S.S.G. Chpt. 5A.
 
 
 10
 McClain next objected to paragraph 35 of the Presentence Report, which provided he would receive two additional criminal history points because he committed the current offense while on parole, per U.S.S.G. § 4A1.1(d). McClain argued he was not "really" on parole because his parole officer told him he did not need to report to him anymore. The district court properly rejected this argument, as McClain conceded that he "formally" remained on parole until discharge on June 22, 1995. That he did not need to actively report to his parole officer did not change his status. See U.S.S.G. § 4A1.1, comment. (n. 4) (active supervision not necessary for § 4A1.1(d) to apply).
 
 
 11
 The sentencing transcript indicates McClain had other objections to the Presentence Report, but that they related only to his education and background and were irrelevant to sentencing. (Sentencing Transcript at 4). As to other matters in the record, we note the four point enhancement for possessing or using a firearm in connection with another felony, pursuant to U.S.S.G. § 2K2.1(b)(5), was proper. While the purported "crack" contained no cocaine, distributing look-alike substances is a felony under Illinois law. See 720 ILCS 570/404. Further, McClain conceded he was carrying the guns on his person for protection. Thus, McClain's offense level and criminal history score were adequately calculated and the proper guideline range was determined. Lastly, the district judge selected a sentence within the range[4] and complied with the requirements of Fed.R.Crim.P. 32.
 
 
 12
 As this court has located no nonfrivolous issues which warrant review on appeal, counsel's motion to withdraw is GRANTED and the appeal DISMISSED.
 
 
 
 [1]
 See Anders v. California, 386 U.S. 738 (1967). Pursuant to Circuit Rule 51, McClain was notified of his attorney's motion and given the opportunity to respond. He declined to do so
 
 
 [2]
 We note that McClain is represented by the same counsel on appeal as before the district court. As such, any potential ineffective assistance claims would be more properly brought under 28 U.S.C. § 2255. We do not note any such claims apparent in the record
 
 
 [3]
 There is no meaningful dispute that both weapons traveled in interstate commerce. Cf. United States v. Bradford, No. 94-2590, slip op. at 10-11 (7th Cir. March 12, 1996)
 
 
 [4]
 While the district judge was not explicit as to why he selected the highest sentence, the transcript clearly indicated he was concerned by McClain's frequent use of weapons. (Sentencing Transcript at 14-15)